# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LA'MON RUS'SELL AKEMON, JR.,         Case No. 1:13-cv-407
     Petitioner,

                                   Barrett, J.
     vs.                          Wehrman, M.J.

OHIO ADULT PAROLE AUTHORITY,[1]     **REPORT AND**
     Respondent.                 **RECOMMENDATION**

Petitioner, who was incarcerated when he commenced this action, but apparently is now

on post-release control under the supervision of the Ohio Adult Parole Authority (OAPA), has

filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 6).  This

matter is before the Court on respondent's "Motion To Dismiss Or Transfer Claims."  (Doc. 24).

Petitioner has filed a "traverse" brief in reply to respondent's motion.  (Doc. 30).

## I.  PROCEDURAL BACKGROUND

### State Trial And Appeal Proceedings

In October 2003, the Hamilton County, Ohio, grand jury returned an indictment charging

petitioner with three counts of cocaine trafficking in violation of Ohio Rev. Code § 2925.03(A)

and one count of cocaine possession in violation of Ohio Rev. Code § 2925.22(A); a major drug

---

[1] In the petition, petitioner properly named the Warden of Lebanon Correctional Institution (LeCI) as respondent, because petitioner was incarcerated at LeCI at the time the action commenced.  (*See* Doc. 6).  Petitioner recently filed a notice of change of address to a private residence.  (*See* Doc. 27).  The undersigned assumes that petitioner is now under the supervision of the Ohio Adult Parole Authority (OAPA) because even if his prison sentence has expired by this point in time, he must still serve a five-year term of post-release control.  (*See* Doc. 24, Ex. 53).  Therefore, the caption of the case is hereby changed to reflect that the OAPA is the proper party respondent because it appears to be the entity that currently has custody of petitioner.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

offender (MDO) specification was attached to each count.  (*See* Doc. 24, Ex. 21, p. 1).[2]

On March 8, 2004, petitioner entered a guilty plea to two of the trafficking counts with specification.  (*See id.*, p. 2).  According to the parties' executed plea agreement, the "mandatory prison term" for those offenses was "10 yrs," with a "potential sentence range" of "1-10" years on the attached MDO specifications.  (*See id.*).  Prior to sentencing, petitioner filed a motion under Ohio R. Crim. P. 32.1 to withdraw his guilty plea on the ground that the State had "reneged on its agreement to reduce his sentence."  *See State v. Akemon*, 880 N.E.2d 143, 144 (Ohio Ct. App. 2007) (per curiam).  After hearings held on April 27-28 and April 30, 2004, the trial court denied petitioner's motion and sentenced petitioner in accordance with the executed plea agreement to concurrent ten-year mandatory terms of imprisonment for the two trafficking offenses.  (*See* Doc. 24, Ex. 21, pp. 6-9).[3]

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

  1. The trial court erred when it overruled defendant/appellant's motion to withdraw plea.

  2. Defendant/appellant was deprived of the effective assistance of counsel.

(*See id.*, p. 9).  On December 15, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment.  (*See id.*).  Petitioner's counsel then appealed to the

---

[2] As respondent has noted in the motion to dismiss or transfer claims (*see* Doc. 24, Brief, p. 2 n.1), the indictment and other exhibits reflecting the older procedural history of the case can be found in Exhibits A-M and 1-18 attached to pleadings submitted by respondent in petitioner's prior federal habeas action.  *See Akemon v. Brunsman*, Case No. 1:06cv166 (S.D. Ohio) (Docs. 3, 26).  Respondent has updated the procedural history of the case in the instant action by attaching Exhibits 19-123, as well as the transcript of petitioner's resentencing hearing held on June 15, 2010, to the motion to dismiss or transfer claims.

[3] It appears from the record that the trial court did not impose any sentence for the MDO specifications.  (*See* Doc. 24, Ex. 21, p. 8 n.2).

Ohio Supreme Court, which issued an entry on April 27, 2005 denying leave to appeal and summarily dismissing the appeal "as not involving any substantial constitutional question." (*See id.*).[4]

### 2005-2006 Post-Conviction Motions To Withdraw Guilty Plea

In April 2005, during the pendency of petitioner's appeal to the Ohio Supreme Court, petitioner filed a *pro se* motion to withdraw his guilty plea on the ground that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). *See Akemon*, 880 N.E.2d at 145. Petitioner later supplemented the motion by adding a claim that the trial court violated Ohio R. Crim. P. 11 by failing to advise him that he was not eligible for judicial release before accepting his guilty plea. *See id.*

Apparently, petitioner's *pro se* motion "languished until October 2006, when [petitioner] retained counsel who filed a new . . . motion" to withdraw guilty plea. *Id.* In that motion, counsel argued that (1) the trial court violated Ohio R. Crim. P. 11 when it accepted the plea without informing petitioner "that his sentence was mandatory and that he was not eligible for judicial release," and (2) petitioner's trial counsel was ineffective for failing to inform petitioner of his ineligibility for judicial release and that his property would be subject to forfeiture. *See id.* On October 26, 2006, the trial court denied petitioner's motion. (*See* Doc. 24, Ex. 21, p. 9). Petitioner pursued a timely appeal to the Ohio Court of Appeals, First Appellate District, and on December 22, 2006, filed another *pro se* motion to withdraw his guilty plea with the trial court

---

[4] On July 19, 2012, over seven years after the direct appeal proceedings concluded, petitioner filed two *pro se* motions for reconsideration pursuant to Ohio R. App. P. 26(A) with the Ohio Court of Appeals, First Appellate District. (*See* Doc. 24, Exs. 100-101). The Ohio Court of Appeals denied the request for reconsideration in an entry filed August 12, 2012. (*Id.*, Ex. 102). Petitioner then filed a motion for reconsideration of the appellate court's August 12, 2012 decision. (*See id.*, Ex. 103). The Ohio Court of Appeals denied that motion on September 26, 2012. (*Id.*, Ex. 104).

based on claims challenging the validity of his plea due to (1) the trial court's active participation in the plea negotiations; (2) threats of a 40-year sentence that were allegedly made by the trial court, prosecutor and defense counsel; and (3) the alleged ineffectiveness of petitioner's trial counsel. *See id.*; *see also Akemon v. Brunsman*, Case No. 1:06-cv-166 (S.D. Ohio) (Doc. 26, Ex. 14).

On November 21, 2007, the Ohio Court of Appeals issued a decision in the appeal from the denial of petitioner's October 2006 motion to withdraw guilty plea. The court concluded that although the trial court erred in denying the motion without affording an opportunity to petitioner to respond to the State's opposing memorandum, the error was harmless to the extent that petitioner claimed a violation of Ohio R. Crim. P. 11because the court had previously determined on direct appeal "that the trial court had fully complied with Crim.R. 11 in accepting his pleas." *Akemon*, 880 N.E.2d at 145-46. However, the court found the error was not harmless with respect to petitioner's ineffective assistance of trial counsel claim and remanded the matter to the trial court for further proceedings on that claim. *Id.* at 146-47.

In accordance with the Ohio Court of Appeals' remand order, petitioner's counsel filed a brief with the trial court on January 17, 2008 responding to the State's memorandum in opposition to the motion to withdraw plea that was filed in October 2006. *See Akemon v. Brunsman*, Case No. 1:06-cv-166 (S.D. Ohio) (Doc. 26, Ex. 18). The State responded by filing briefs opposing both petitioner's October 2006 motion and his subsequent December 2006 motion to withdraw guilty plea. (*See* Doc. 24, Exs. 29-30). Thereafter, on April 9, 2008, petitioner's counsel filed a memorandum supplementing petitioner's "Motion to Withdraw Plea filed October 2, 2006 and his Pro Se Motion to Withdraw Plea filed December 22, 2006." (*Id.*,

4

Ex. 31).  On May 12, 2008, the trial court issued an Entry overruling both motions to withdraw guilty plea.  (*Id.*, Ex. 32).

Petitioner appealed to the Ohio Court of Appeals, First Appellate District, claiming in two assignments of error that the trial court erred in overruling his motions to withdraw plea based on the merits of his ineffective assistance of trial counsel claim and the fact that petitioner was not afforded a hearing on the motions.  (*See id.*, Ex. 33-34).  On July 31, 2009, the Ohio Court of Appeals issued a Decision and Judgment Entry overruling the assignments of error and affirming the trial court's judgment as modified to reflect a dismissal of the motions to withdraw guilty plea.  (*Id.*, Ex. 36).  The court reasoned in pertinent part as follows:

> In our 2007 decision in Akemon's initial appeal from the overruling of his October 2006 motion, we proceeded as if the trial court had had jurisdiction to entertain his Crim.R. 32.1 motions after his convictions had been affirmed in his direct appeal.  But an appeal from a judgment of conviction divests a trial court of jurisdiction over the case, unless the appellate court remands the case to the trial court for a ruling on a pending motion, or the trial court's exercise of jurisdiction is in aid of the appeal or is otherwise "not inconsistent with [the jurisdiction] of the appellate court to review, affirm, modify or reverse the final order, judgment or decree from which the appeal has been perfected."  And the trial court does not regain jurisdiction after the appellate court has decided the appeal, unless the appellate court remands the case.  Therefore, a trial court has no jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea after the defendant has perfected his direct appeal and the judgment of conviction has been affirmed.  And, to the extent that our 2007 decision supports the contrary proposition, it is overruled.
>
> We affirmed Akemon's convictions in 2004, well before he submitted his 2005 and 2006 motions seeking to withdraw his guilty pleas.  Therefore, the common pleas court had no jurisdiction to entertain the motions, and the motions were subject to dismissal without a hearing.

(*Id.*, pp. 3-4) (footnotes with case citations omitted).  Petitioner apparently did not pursue an appeal from that ruling to the Ohio Supreme Court.

5

**First Federal Habeas Petition**

In March 2006, after the direct appeal proceedings concluded and petitioner had filed his initial *pro se* post-conviction motion to withdraw guilty plea, but before the October 2006 and December 2006 motions to withdraw guilty plea were filed, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 with this Court challenging his conviction and sentence. (*See* Doc. 24, Ex. 19). In that action, entitled *Akemon v. Brunsman,* Case No. 1:06-cv-166 (S.D. Ohio), petitioner, who was assisted by counsel, asserted the following grounds for relief:

**Ground One:** The trial court erred in denying defendant's motion to withdraw his guilty pleas.

**Supporting Facts:** The trial court refused to allow the defendant to withdraw his guilty pleas prior to sentencing. The defendant and State of Ohio entered into an agreemen[t] where the defendant plead[ed] guilty to two of a four count indictment. The minimum on the plea was a mandatory sentence of 10 years. The deal was that defendant would receive 8 years if he did nothing but show up for sentencing. In order to accomplish this, defendant would have to withdraw his guilty plea and plead guilty to different charges.

**Ground Two:** Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea.

**Supporting Facts:** The plea deal was that defendant was to receive a minimum of 8 years. However, he plead[ed] out to charges that carried a mandatory minimum of 10 years. The defendant's understanding was that if he cooperated with law enforcement, he would get less than 8 years. Defendant cooperated with law enforcement, law enforcement refused to work with him further. Instead of getting less than 8 years for his cooperation, he ended up with 10 years.

**Ground Three:** Denial of effective assistance of counsel.

**Supporting Facts:** The defendant was denied effective counsel because his attorneys allowed him to plea[d] to charges where the mandatory minimum sentence was 10 years even though the deal with the State of Ohio was that he was to receive a minimum prison term of 8 years.

6

(*Id.*, pp. 5-6).

In February 2007, petitioner's counsel filed a motion to stay the federal habeas action during the pendency of the then-pending state court proceedings on petitioner's 2005-2006 post-conviction motions to withdraw his guilty plea.  (*Id.*, Ex. 20).  On June 29, 2007, the Magistrate Judge issued a Report and Recommendation to deny the motion for stay and to deny petitioner's habeas corpus petition with prejudice upon review of the merits of petitioner's grounds for relief, which had been exhausted in the state direct review proceedings.  *See Akemon v. Brunsman*, Case No. 1:06-cv-166 (S.D. Ohio) (Doc. 7).  The Report and Recommendation was adopted by the District Court on September 28, 2007.  *Id.* (Docs. 16-17).

Petitioner appealed to the United States Court of Appeals for the Sixth Circuit and also filed a *pro se* motion on November 8, 2007 with the District Court requesting relief from judgment pursuant to Fed. R. Civ. P. 60(b).  *Id.* (Docs. 18, 20).  On April 17, 2008, the District Court adopted the Magistrate Judge's Report and Recommendation to deny petitioner's Rule 60(b) motion for relief from judgment for the following stated reasons:  "(1) the Court does not have jurisdiction to consider the motion to the extent petitioner seeks to advance substantive ineffective assistance of counsel claims, which must be construed as a second or successive petition forbidden by 28 U.S.C. § 2244(b); and (2) although the Court has authority to consider the motion to the extent petitioner challenges the denial of his motion for stay on exhaustion grounds, relief from judgment is not warranted in this case."  *Id.* (Docs. 27, 29).  On September 4, 2008, the Sixth Circuit denied petitioner's application for a certificate of appealability and

dismissed the appeal.  *Id.* (Doc. 31).[5]

**State Court Proceedings Following Denial Of The Prior Federal Habeas Petition**

Petitioner continued to pursue relief in the state courts after the District Court issued the order and judgment on September 28, 2007 in *Akemon v. Brunsman*, Case No. 1:06-cv-166 (S.D. Ohio), denying petitioner's federal habeas petition and his motion for stay while his 2005-2006 post-conviction motions to withdraw his guilty plea remained pending in the state courts.

1. **Proceedings Stemming From Petitioner's Motion To Resentence Filed August 24, 2009 And Motion To Withdraw Plea Filed April 19, 2010.**

First, on August 24, 2009, petitioner filed a *pro se* motion for resentencing because the trial court had "failed to mention post release control at the sentencing hearing and/or failed to impose five (5) year mandatory period of post release control as required by statu[t]e."  (Doc. 24, Ex. 37).  The trial court denied the motion.  (*Id.*, Ex. 38).  Petitioner appealed that ruling to the Ohio Court of Appeals, First Appellate District, claiming as the sole assignment of error that the trial court abused its discretion in denying his motion for resentencing.  (*Id.*, Exs. 39-40).  The State responded by filing a motion, which was granted on April 6, 2010, requesting that the original sentence be vacated and the matter remanded to the trial court for resentencing in order to cure the trial court's error in failing "to properly notify . . . about post-release control when it sentenced" petitioner in April 2004.  (*See id.*, Exs. 41-42).

_____

[5] Four and one-half years later, on March 19, 2013, petitioner filed another *pro se* motion in the federal habeas action requesting that the September 28, 2007 final Order and Judgment be "set aside" on the basis of "extrinsic fraud committed upon the Court."  *Akemon v. Brunsman*, Case No. 1:06-cv-166 (S.D. Ohio) (Doc. 32). The motion was denied notationally as "moot."  *Id.*  (Doc. 35).  Petitioner filed a motion for reconsideration, which was also denied.  *Id.* (Docs. 37-38).  Petitioner appealed to the Sixth Circuit.  *Id.* (Doc. 39).  However, his applications for certificate of appealability were denied by both the District Court and the Sixth Circuit.  *Id.* (Docs. 50-51).  Most recently, on April 11, 2014, the Sixth Circuit issued an Order denying petitioner's motion for rehearing of the Sixth Circuit's order denying his motion for certificate of appealability.  *Id.* (Doc. 53).

Prior to the resentencing hearing held on June 15, 2010, petitioner filed a *pro se* motion on April 19, 2010 to withdraw his guilty plea, which he claimed was a "'Pre-Sentence' motion to withdraw . . . guilty plea" given that his original sentence had been vacated as "void." (*Id.*, Ex. 43). On June 15, 2010, the trial court denied petitioner's motion to withdraw his guilty plea. (*Id.*, Ex. 46). In a separate entry filed on July 9, 2010, the court also re-imposed the concurrent ten-year terms of imprisonment for the two cocaine trafficking offenses with notification to petitioner that as part of his sentence, he was subject to a five-year term of post-release control under the supervision of the OAPA. (*Id.*, Ex. 53).

On June 25, 2010, petitioner filed a motion to stay entry on any judgments from the June 15, 2010 resentencing hearing, which was denied by the trial court on April 28, 2011. (*Id.*, Exs. 47-48). Petitioner appealed that ruling to the Ohio Court of Appeals, First Appellate District, based on the following assignments of error:

1. Where a sentence is void as a matter of law because it do[es] not contain a statutorily mandated term of post release control, the defendant is place[d] in the exact same position that he would be in if he had never been sentenced and treat his m[o]tion to withdraw his guilty plea as presentence motion….

2. Where the trial court failed during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with . . . Crim.R. 11 and the reviewing court must vacate the plea and remand the cause[.]

3. Where the trial court erred in failing to permit defendant to reply under Loc.R. 14(B), the court was in strict violation of a . . . local rule that makes no reasonable allowance and the court's rules must be consistently enforced if the rule is to retain its integrity. Furthermore the court showed prejudicial bias toward defendant by all[]owing the prosecutor to file a motion of opposition, when prosecutor was procedural time bar under both Loc.R. 14(B) and Rule 14 motion, memorandum and procedure thereon.

4. Where a sentence is void as a matter of law because it do[es] not contain a

9

> statutorily mandated term of post release control, the defendant has a void
> judgment. . . .  Furthermore, there is no remedy available to correct a void
> sentence depends on whether the flawed sentence was imposed before or after
> the July 11, 2006, effective date of Am.Sub.H.B. No137, now codified as R.C.
> 2929.191.

(*Id.*, Exs. 49-50).  The State filed a motion to dismiss the appeal "as not being taken from a final

appealable order," which was granted by the Ohio Court of Appeals on October 4, 2011.  (*Id.*,

Exs. 51-52).

After petitioner was resentenced in accordance with the Ohio Court of Appeals' remand

order, the State filed a brief in that appeal arguing that (1) petitioner's sole assignment of error

was "moot" because the trial court had "properly imposed post release control . . . pursuant to

this Court's April 6, 2010 order of remand of re-sentencing"; and (2) the trial court did not err in

overruling petitioner's motion to withdraw plea that had been filed on April 19, 2010.  (*See* Doc.

24, Ex. 54).  On December 22, 2010, the Ohio Court of Appeals issued a Judgment Entry

dismissing the appeal as "moot" because the relief requested by petitioner "has been granted by

the trial court."  (*Id.*, Ex. 55).

Thereafter, petitioner filed a motion for reconsideration, arguing that the appellate court

"was required to take the extra step of vacating the plea **BEFORE** remanding the Appellant's

case back to the trial court."  (*Id.*, Ex. 56) (emphasis in original).  In a supplement to the motion

for reconsideration, petitioner also argued that (1) his guilty plea was invalid because he was not

notified of the mandatory five-year term of post-release control when he entered his plea, and (2)

the trial court violated a local rule by allowing the prosecutor to file an untimely memorandum

opposing petitioner's April 19, 2010 motion to withdraw guilty plea.  (*Id.*, Ex. 57).  On January

26, 2011, the Ohio Court of Appeals overruled the motion for reconsideration without opinion.

10

(*Id.*, Ex. 58).

On March 7, 2011, petitioner filed a notice of appeal to the Ohio Supreme Court from the Ohio Court of Appeals' December 22, 2010 and January 26, 2011 entries.  (*Id.*, Ex. 59).  In his memorandum in support of jurisdiction, petitioner asserted the following claim as the sole proposition of law:  "In the absence of strict compliance of O.R.C. §2967.28, does the trial court not have jurisdiction to convict?"  (*Id.*, Ex. 60).  On May 25, 2011, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question."  (*Id.*, Ex. 61).

Finally, on February 14, 2011, petitioner filed a notice of appeal to the Ohio Court of Appeals, First Appellate District, from the trial court's July 9, 2010 resentencing entry and June 15, 2010 entry denying his motion to withdraw guilty plea.  (*Id.*, Ex. 62).  On March 9, 2011, the Ohio Court of Appeals *sua sponte* dismissed that appeal on the ground that the "notice of appeal was not timely filed" and petitioner "did not file a motion for delayed appeal."  (*Id.*, Ex. 64). Petitioner did not pursue an appeal to the Ohio Supreme Court from that decision.  Instead, over nine months later, on December 27, 2011, petitioner filed a notice of delayed appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals.  (*Id.*, Exs. 65-66).  On January 25, 2012, the Ohio Court of Appeals overruled the motion for delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. 68).  Petitioner filed a motion for reconsideration, which was denied on February 23, 2012.  (*Id.*, Exs. 69-70).  Petitioner thereafter filed a motion to certify conflict, which was overruled by the Ohio Court of Appeals on March 28, 2012.  (*Id.*, Exs. 71-72).

On May 14, 2012, petitioner filed a notice of appeal and motion for leave to file a

11

delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' January 25 and February 23, 2012 entries denying his motion for delayed appeal and subsequent motion for reconsideration.  (*Id.*, Exs. 73-74).  On July 5, 2012, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the cause without opinion.  (*Id.*, Ex. 75).

### 2.  Proceedings Stemming From Petitioner's Motion To Vacate Plea Filed June 15, 2010 And Motion To Withdraw Plea Filed April 25, 2011.

On June 15, 2010, the date of his resentencing hearing, petitioner filed a *pro se* motion to vacate his guilty plea for lack of jurisdiction.  (Doc. 24, Ex. 45).  Petitioner claimed in the motion that he was forced to enter the plea by the prosecutor, his counsel, and the trial judge, who "was not acting as an 'equal and unbiased arbitrator', by actively participating in the inducement of the guilty plea."  (*Id.*).  Petitioner also alleged that the trial court failed to comply with Ohio R. Crim. P. 11 by failing to advise him the sentence would include a mandatory term of post-release control.  (*Id.*).  The trial court denied the motion in an entry filed June 17, 2011. (*Id.*, Ex. 79).

In the meantime, on April 25, 2011, petitioner filed yet another *pro se* motion to withdraw his guilty plea, arguing that his plea was not intelligently, knowingly or voluntarily entered because he was not informed of the post-release control term or of "multiple counts of two or more Allied Offenses of Similar Import."  (*Id.*, Ex. 76).  On October 12, 2011, the trial court denied the motion, stating that it was "without jurisdiction to entertain the motion."  (*Id.*, Ex. 78).

Petitioner timely appealed both the June 17, 2011 denial of his motion to vacate plea and the October 12, 2011 denial of his motion to withdraw plea to the Ohio Court of Appeals, First

Appellate District.  (*See id.*, Exs. 80, 83).  The Ohio Court of Appeals consolidated the two

appeals and issued a decision on March 2, 2012 affirming the trial court's judgments "as

modified."  (*Id.*, Ex. 89).  Specifically, the court ruled in relevant part as follows:

> The common pleas court had no jurisdiction to vacate Akemon's guilty pleas after
> we had, in his direct appeal, affirmed the convictions based upon those pleas. . . .
> A trial court retains jurisdiction to correct a void judgment. . . .  But the common
> pleas court properly corrected the postrelease-control deficiencies in Akemon's
> sentences at his July 2010 resentencing.  And those deficiencies did not render
> void any other aspect of Akemon's judgment of conviction. . . .
>
> Because the common pleas court had no jurisdiction to entertain Akemon's
> motions, the motions were subject to dismissal.  Accordingly, upon the authority
> of App.R. 12(A)(1)(a), we modify the judgments appealed from to reflect a
> dismissal of the motions.  And we affirm the judgments as modified.

(*Id.*) (case citations omitted).  Thereafter, petitioner filed motions for reconsideration and to

certify a conflict, which were summarily denied by the Ohio Court of Appeals on April 24, 2012.

(*Id.*, Exs. 90-92).

Petitioner next appealed to the Ohio Supreme Court, raising the following claims as

propositions of law:

> 1.  The failure during the plea colloquy to correctly advise a defendant of the
> length of post-release control and that the sentence included a mandatory term
> of post-release control, the court fails to comply with Crim.R. 11 causes the
> plea to be invalid and must be vacated.
>
> 2.  The Trial Court abused its discretion when it failed to allow a pre-sentencing
> motion to vacate the guilty plea.  Thereby denying defendant's due process
> and equal protection of the law in violation of the 5[th], 6th and 14th
> Amendment[s] to the United States Constitution and Article I, Section 2, 10,
> and 16 of the Ohio Constitution.

(*Id.*, Exs. 93-94).  On September 26, 2012, the Ohio Supreme Court declined jurisdiction to hear

the case and summarily dismissed the appeal "as not involving any substantial constitutional

13

question." (*Id.*, Ex. 95).

### 3. Petition To Vacate Judgment Filed July 11, 2011.

In a final attempt to challenge his conviction and sentence in the state courts, petitioner filed a *pro se* petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 with the trial court on July 11, 2011. (Doc. 24, Ex. 96). Petitioner claimed in the petition that (1) his guilty plea was void because the trial judge improperly participated in the plea negotiations and essentially coerced petitioner to enter the plea; (2)-(3) his trial counsel was ineffective by failing to object to the court's participation in the plea bargaining process and by coercing and pressuring petitioner to enter the plea agreement; (4) the prosecutor engaged in misconduct; and (5) his sentence is void or voidable due to the trial court's lack of jurisdiction over the case. (*See id.*).

On August 8, 2011, the trial court denied the petition for post-conviction relief because it was both untimely and barred by *res judicata* as petitioner's claims were based on the record and could have been raised on direct appeal. (*Id.*, Ex. 99). Respondent states that petitioner did not pursue an appeal from that decision in the state courts. (*Id.*, Brief, p. 14).

### Current Federal Habeas Petition

Petitioner commenced the instant federal habeas corpus action in June 2013. (*See* Doc. 1).[6] In the petition, petitioner asserts six grounds for relief:

> **Ground One:** The Petitioner was denied due process of law under the 5[th], 14th Amendment to the U.S. Constitution and also the Appellate Court did not possess the requisite jurisdiction under Ohio Constitution Article IV Section (3)(B)(2), and Ohio Rev. Code 2505.02, to proceed through on Petitioner['s] direct appeal

---

[6] Petitioner initiated the action by filing a motion for leave to proceed *in forma pauperis*. Although he was denied pauper status, he was allowed to proceed upon payment of the $5.00 filing fee. (*See* Docs. 2, 8).

C-040284.

**Supporting Facts:**  Petitioner was not properly sentence[d] under Ohio law to the mandatory DNA specimen collection procedure.

Petitioner was not properly sentence[d] under Ohio law to the mandatory fines associated with post-release control sanction.

The Trial Court failed before accepting Petitioner['s] guilty plea to comply with due process of law during the plea collo[q]uy by not giving proper notice that Petitioner would receive a mandatory term of 5 yrs. Post-release-control after being release[d] from prison, in accordance with RC 2901.07, and whereby Petitioner is required to submit a DNA specimen at prison and to the Adult Parole Authorities, and shall be subject to fines associated with post-release control sanction.

Trial court failed at the sentencing hearing on April 29, 2004 to impose the mandatory term of 5 yrs. post-release-control, in accordance with RC 2901.07, and that Petitioner is required to submit a DNA specimen at prison and to the Adult Parole Authorities, and shall be subject to fines associated with post-release control sanction and nor was it enter[ed] upon the journal entry of incarceration enter[ed] on April 29, 2004. . . .

Thus, because of the absence to comply with the mandatory statutory require[d] by law.  The Trial judge is acting without authority in imposing the sentence. Whereby the trial court failed the jurisdictional prerequisites to satisfy a direct appeal.

Therefore, the appeal court patently and unambiguous lack jurisdiction of appellant['s] first direct appeal. . . .

Petitioner['s] plea entered on March 8, 2004, is Unknowingly, Unintelligently and Involuntarily and Petitioner['s] guilty plea is still void by law and sentence was contrary by law/void, as deemed under Ohio Supreme Court precedent.

**Ground Two:**  Petitioner was denied to have Effective Assistance of Counsel guaranteed under the Sixth Amendment to the Constitution of the United State[s].

**Supporting Facts:**  See Motion For Evidentiary hearing . . . incorporated by reference and attach[ed] to this Petition for Habeas Corpus.[7]

---

[7] It appears from an affidavit attached to petitioner's motion for evidentiary hearing, which was denied by the undersigned on January 30, 2014 (*see* Doc. 23), that petitioner is alleging as "supporting facts" for Ground Two

15

**Ground Three:**  Petitioner was denied Due Process and Equal Protection Rights of the law, and to have Effective Assistance of Counsel all guaranteed under the 5th, 6th and 14th Amendment[s] to the United State[s] Constitution by not being afforded a complete Ohio Crim. R. 11 hearing to be given properly notice of the maximum possible penalties and circumstances before accepting Petitioner[’s] guilty plea in accordance with the Ohio Supreme Court precedent in Sarkozy 117 Ohio St.3d 86, 2008 Ohio 509, 881 N.E. 2D 122.

Thus, Petitioner[’s] guilty plea is void and Unknowingly, Unintelligently and Involuntarily entered on March 8, 2004.  one who is "actually innocent"

**Supporting Facts:**  Before accepting Petitioner[’s] guilty plea on March 8, 2004 the trial court and trial counsel failed during the plea collo[q]uy to apprise[] the Petitioner of the mandatory notice requirement under Ohio law.

**Ground Four:**  The Petitioner was denied Due Process and Equal Protection Rights of the law guaranteed under the 5th, 14th Amendment to the United State[s] Constitution where the Appellate Court did not Sua Sponte, follow the Ohio Supreme mandated that when trial courts fail[] to comply with Crim.R. 11, all reviewing courts must vacate the plea and remand the cause.

**Supporting Facts:**  The Appellate Court failed to vacate the plea or remand with instruction to the trial court [to] vacate the plea enter[ed] on March 8, 2004.

**Ground Five:**  Petitioner was denied the right to have Effective Assistance of Counsel guaranteed under the Sixth Amendment to the Constitution of the United State[s] . . . at the De Nov[o] re-sentencing hearing held on June 15, 2010.

**Supporting Facts:**  Petitioner suffer[ed] Ineffective assistance of counsel from the Public Defender Supervisor Timothy R. Cutcher at the re-sentencing held on June 15, 2010 where trial counsel, Public Defender Supervisor Timothy R. Cutcher refused to actively advocate on Petitioner[’s] behalf to protect Petitioner[’s] fundamental right and interest before the re-sentencing hearing to vacate the plea enter[ed] on March 8, 2004 as was asserted to the Public Defender Supervisor Timothy R. Cutcher and in the Petitioner[’s] pre-sentencing motion[s] filed into the trial court on April 19, 2010 and June 15, 2010.

**Ground Six:**  Petitioner was denied Due Process and Equal Protection Rights of

---

that his counsel at the resentencing hearing held on June 15, 2010 provided ineffective assistance by failing to file a timely notice of appeal from the resentencing judgment as requested by petitioner at the hearing.  (*See* Doc. 7, "Affidavit of Verity Of . . . La'Mon Akemon Sr.").

the law guaranteed under the 14th Amendment to the Constitution of the United State[s].

**Supporting Facts:** Despite all of the efforts on the part of the Petitioner in bringing these aforementioned claims, in the first instance to the state courts, as well as demonstrating that, very similarly situated defendant[]s have been treated differently than Petitioner, defendant[]s, who have claims exactly like Petitioner which evidences that the Petitioner is being subjected to unequal treatment in violation of the United States Constitution[']s Equal Protection Clause where he is being treated unequally as similarly situated defendant[]s under the law.

(Doc. 6, pp. 4-5, 6, 7-8, 9, 10, 11-12).

On February 4, 2014, respondent responded to the petition by filing a "Motion To Dismiss Or Transfer Claims." (Doc. 24). In the motion, respondent contends that Grounds One, Three, Four, Five and Six of the petition are successive within the meaning of 28 U.S.C. § 2244(b) and thus must be transferred to the United States Court of Appeals for the Sixth Circuit for authorization. (*Id.*, pp. 17-21). Respondent alternatively argues that Ground Five should be dismissed because the claim was procedurally defaulted by petitioner in the state courts and, in any event, lacks merit. (*Id.*, pp. 23-25). Finally, petitioner contends that although Ground Two is not successive within the meaning of 28 U.S.C. § 2244(b), the claim is barred from review because petitioner never presented it to the state courts for consideration. (*Id.*, pp. 21-23). Petitioner has filed a brief opposing respondent's motion. (Doc. 30).

## II. OPINION

### A. Grounds One And Three Should Be Transferred To The Sixth Circuit Because They Allege Successive Claims Within The Meaning Of 28 U.S.C. § 2244(b)

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the

petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal

18

ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011), *cert. denied*, 132 S.Ct. 1760 (2012); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States District Court for the Northern District of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits."  *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits."  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application.  *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998).  Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief.  *See, e.g., McNabb v. United States,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to

19

the Sixth Circuit as a successive petition).[8]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). The *Magwood* rule applies to habeas petitions brought by both state prisoners pursuant to 28 U.S.C. § 2254 and federal prisoners pursuant to 28 U.S.C. § 2255. *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013).

The *Magwood* Court expressly refused to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Magwood*, 561 U.S. at 342 (emphasis in original). However, as the Supreme Court went on to note in *Magwood*, 561 U.S. at 342 n.16, several courts, including the Sixth Circuit, have held that the subsequent application is permitted only to the extent that the petitioner complains of errors that "originated at resentencing" which could not have been addressed in the earlier petition. *See, e.g., Lang v. United States*, 474 F.3d 348, 351-53 (6th Cir. 2007) (and cases cited therein); *Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan*), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28, 2014); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.); *see also Banks v. Bunting*, No. 5:13cv1472,

---

[8]*Contrast Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013) (holding that the petitioner's claim that his "guilty plea was not voluntary and knowing because he was not properly advised regarding the post-release control portion of his sentence" was successive within the meaning of 28 U.S.C. § 2244(b) because the claim "attack[ed] the validity of his underlying conviction rather than any error that arose out of his resentencing hearing" limited to proper imposition of post-release control); *Askew v. Bradshaw*, No. 5:12cv131, 2013 WL 5279357, at *1, *9-11 (N.D. Ohio Sept. 18, 2013) (holding that a habeas petition was successive because the petitioner's claims amounted to an attack on the validity of the petitioner's original conviction and sentence and not his resentencing to the proper term of post-release control); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation) (concluding that two grounds for relief were successive because they related to the initial judgment of conviction, rather than petitioner's resentencing, and thus could have been raised in his prior habeas petition), *adopted as modified on other grounds*, 2013 WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.).  Moreover, courts have held that claims challenging amended judgment entries correcting clerical sentencing errors are successive because such entries "do not change or otherwise constitute a 'new judgment' within the meaning of *Magwood* with respect [a] petitioner's prior federal habeas corpus petition."  *See, e.g., Berry v. Oppy*, No. 2:13cv617, 2014 WL 1091067, at *2 (S.D. Ohio Mar. 18, 2014) (Smith, J.) (citing *In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010); *In re Lampton*, 667 F.3d 585, 587-89 (5th Cir. 2012); *Hawkins v. United States*, No. 89-CR-80335, 2011 WL 2533658, at *1-2 (E.D. Mich. June 27, 2011)); *cf. Carter v. Warden, Chillicothe Corr. Inst.*, No. 1:11cv800, 2012 WL 2601760, at *9 (S.D. Ohio July 5, 2012) (Bowman, M.J.) (Report & Recommendation)

(holding that "Nunc Pro Tunc" sentencing entry in accordance with a remand order to correct an error regarding post-release control "did not change or otherwise constitute a 'new judgment' within the meaning of *Magwood* with respect to petitioner's conviction or sentence imposed . . . for the underlying criminal offenses"), *adopted*, 2012 WL 4056850 (S.D. Ohio Sept. 14, 2012) (Spiegel, J.).

Here, it is clear from the face of the instant petition that petitioner is attacking the same conviction and mandatory ten-year prison sentence that he challenged in his prior federal habeas petition, which was denied on the merits in a decision that petitioner unsuccessfully sought to appeal to the Sixth Circuit.   (*See* Doc. 6; Doc. 24, Exs. 19-53).  Petitioner contends in his brief in response to respondent's motion to dismiss or transfer claims, however, that the prior petition cannot be considered because this Court lacked jurisdiction to entertain it given that the "initial sentence was void as a matter of law."  (*See* Doc. 30, pp. 5-6).  Petitioner's argument lacks merit.

As petitioner has pointed out, the Ohio Court of Appeals vacated petitioner's initial sentence and remanded the matter for resentencing after the prior habeas petition was denied.  In contrast to *Carter, supra*, 2012 WL 2601760, at *9, the resentencing involved more than an amended entry to correct the post-release control portion of the original sentence because petitioner was afforded a *de novo* hearing in accordance with Ohio Supreme Court precedents then in effect.  Specifically, in *State v. Bezak*, 868 N.E.2d 961, 964 (Ohio 2007), the Ohio Supreme Court had ruled that:

> [W]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing.  The trial court must resentence the offender as if there had been no original sentence.  When a defendant is convicted or pleads guilty to one or

22

> more offenses and postrelease control is not properly included in a sentence for a
> particular offense, the sentence for that offense is void.  The offender is entitled to a
> new sentencing hearing for that particular offense.

Although the Ohio legislature had enacted statutory provisions in July 2006, which permitted

"the trial court to conduct a limited resentencing hearing to simply add the missing postrelease

control language," the Ohio Supreme Court held in *State v. Singleton*, 920 N.E.2d 958, 959-60,

964-66 (Ohio 2009), that the remedial provisions set forth in Ohio Rev. Code § 2929.191 applied

only prospectively and, therefore, in accordance with *Bezak*, a *de novo* hearing was required for

criminal sentences imposed prior to the statute's July 2006 effective date.  In another decision

issued in December 2010, after petitioner was resentenced, the Ohio Supreme Court revisited

*Bezak* and made it clear that "only the offending portion of the sentence" pertaining to post-

release control is "void" and that "the new sentencing hearing to which an offender is entitled

under *Bezak* is limited to proper imposition of postrelease control."  *State v. Fischer*, 942 N.E.2d

332, 340-41 (Ohio 2010).

Contrary to petitioner's contention, the fact that petitioner was resentenced in a *de novo*

hearing held in accordance with the Ohio Supreme Court's *Bezak* and *Singleton* decisions does

not mean that petitioner's prior petition may not be considered for purposes of evaluating

whether claims raised in the instant petition are successive.  First, even assuming that petitioner's

initial sentence was "void" under the Ohio Supreme Court precedents that applied at the time of

his resentencing, this Court had jurisdiction under 28 U.S.C. § 2254 to consider the claims

asserted by petitioner in his prior habeas petition challenging the constitutionality of his guilty

plea conviction and resulting sentence, which had been affirmed on direct appeal.  In any event,

petitioner's argument lacks merit because when the Ohio Court of Appeals later vacated

23

petitioner's sentence and remanded the matter for resentencing, the state appellate court did not

void petitioner's conviction or otherwise invalidate the courts' jurisdiction to address claims

previously raised by petitioner on direct appeal and in his first habeas petition, but rather only

vacated petitioner's sentence as "void" to the extent that petitioner had not been informed of the

mandatory five-year term of post-release control.  Indeed, when ruling in a subsequent

proceeding that the trial court lacked jurisdiction to entertain petitioner's post-resentencing

motions to withdraw and/or vacate his guilty plea after his conviction based upon that plea had

been affirmed on direct appeal, the Ohio Court of Appeals emphasized that the post-release

control deficiencies in the original sentencing entry "did not render void any other aspect of [the]

judgment of conviction."  (*See* Doc. 24, Ex. 89).  As the Sixth Circuit has similarly pointed out

in addressing the Ohio Supreme Court precedents pertaining to "void" sentences based on the

failure to properly notify the defendant about post-release control, "[t]he logic underlying these

Ohio decisions appears to assume that while the sentence may be void, the underlying

determination of guilt is not void."  *United States v. Aguilar-Diaz*, 626 F.3d 265, 268 (6th Cir.

2010); *see also United States v. Coleman*, 655 F.3d 480, 485 (6th Cir. 2011) (noting that in

*Fischer*, the Ohio Supreme Court "clarified that a failure to provide the required notice

[regarding post-release control] results only in invalidation of the improperly imposed term of

post-release control, not the entire sentence (much less the underlying conviction)"), *cert. denied*,

132 S.Ct. 1045 (2012).  Therefore, the undersigned rejects petitioner's argument that the instant

petition attacking the same conviction that was challenged in the prior federal habeas action

cannot contain claims that are successive within the meaning of 28 U.S.C. § 2244(b).

   Upon review of the record, the undersigned further concludes that Grounds One and

Three of the petition, wherein petitioner challenges the validity of the guilty plea he entered in March 2004 and the jurisdiction of the Ohio Court of Appeals to adjudicate his direct appeal, are successive under the statute because such claims did not originate at his resentencing, but rather constitute attacks on his underlying conviction and the Ohio Court of Appeals' December 15, 2004 direct appeal decision, which could have been asserted in the prior habeas petition. *Cf. Banks, supra,* 2013 WL 6579036, at *1, *5-7; *see also Rarden v. Warden, Warren Corr. Inst.*, Nos. 1:12cv660 & 1:12cv756, 2013 WL 6632625, at *5 (S.D. Ohio Dec. 17, 2013) (Merz, M.J.) (Report & Recommendation) (recommending transfer to the circuit court of the petitioner's claim challenging the effectiveness of his counsel on his first direct appeal because the ground for relief "fell within the class of claims" that are successive). Although petitioner has posited new arguments that were not asserted in his prior habeas petition, Grounds One and Three are successive under 28 U.S.C. § 2244(b)(2) because petitioner has not shown that either claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual bases for such claims could not have been discovered previously through the exercise of due diligence.

Respondent has contended that the claims alleged in Grounds Four through Six of the petition are also successive because they too essentially amount to an attack on the validity of petitioner's guilty plea. In those grounds for relief, petitioner claims that (1) the Ohio Court of Appeals erred in adjudicating the appeal from the trial court's denial of his motion for resentencing by failing to vacate his guilty plea when remanding the matter to the trial court to correct the post-release control portion of the sentence in April 2010; (2) his counsel at the resentencing hearing held in June 2010 was ineffective for failing to advocate for the withdrawal

or vacation of his guilty plea; and (3) he was subjected to "unequal treatment" as a result of the state courts' refusal to vacate the plea or to allow him to withdraw his plea after the original sentence was vacated and the matter was remanded for resentencing to correct the post-release control error in April 2010.  (*See* Doc. 6, pp. 9-12).  There is authority to support the determination that although these claims are couched as arising in the state-court proceedings held after petitioner's prior federal habeas petition was denied on the merits, such claims are successive because they are based on arguments attacking the knowing, voluntary and intelligent nature of petitioner's guilty plea and, thus, are "ultimately a challenge to the validity of his underlying conviction, and not a challenge to his resentencing."  *Cf. Askew, supra*, 2013 WL 5279357, at *1, *9-11; *but cf. Rarden*, 2013 WL 6632625, at *5 (holding that claim of error arising out of resentencing to impose proper post-release control term was not barred by the "second or successive petition" rule).  In this case, however, the Court will assume, without deciding, that the claims alleged in Grounds Four through Six are not successive to the extent they arose after the prior habeas proceeding concluded and, therefore, could not have been raised in that proceeding.  *Cf. Magwood*, 561 U.S. at 331.

Accordingly, in sum, the undersigned concludes that the claims alleged in Grounds One and Three of the petition are successive within the meaning of 28 U.S.C. § 2244(b).  Therefore, in the absence of prior authorization from the Sixth Circuit, this Court lacks jurisdiction to consider those claims challenging the constitutionality of petitioner's guilty plea and the jurisdiction of the Ohio Court of Appeals in the direct review proceedings.

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the

26

interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)). This is a type of "mixed petition" containing both claims that are clearly successive and claims that do not appear to be successive within the meaning of 28 U.S.C. § 2244(b). *Cf. McCall v. Voorhies*, No. 2:08cv117, 2009 WL 249064, at *7 (S.D. Ohio Feb. 2, 2009) (Kemp, M.J.), *adopted*, 2009 WL 415247 (S.D. Ohio Feb. 18, 2009) (Frost, J.). In *McCall*, the court transferred the successive claims to the Sixth Circuit and dismissed the non-successive claims "on the merits" based on the alternative ground that the claims were procedurally defaulted. *See id.* at *7-9. Similarly here, the undersigned concludes that to the extent that respondent has argued that certain claims alleged in the petition are successive and must be transferred to the Sixth Circuit for authorization, respondent's motion (Doc. 24) should be **GRANTED**, but only to the extent that the successive claims alleged in Grounds One and Three of the petition should be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain them. The undersigned will proceed to address the merits of petitioner's remaining claims.

B. **Grounds Four Through Six Of The Petition Should Be Dismissed Because Petitioner Is Not Entitled To Federal Habeas Relief Based On The Merits Of Those Claims**

As discussed above, petitioner essentially contends in Grounds Four through Six of the petition that the state courts and the attorney who represented him at the resentencing hearing erred by not taking action to ensure that his March 2004 guilty plea was vacated or withdrawn after the Ohio Court of Appeals vacated the original sentence and remanded the matter for

27

resentencing in April 2010 to correct the trial court's error regarding post-release control.  (*See* Doc. 6, pp. 9-12).  Specifically, in Grounds Four and Six, petitioner contends that the Ohio Court of Appeals should have vacated his guilty plea when it vacated his sentence and remanded the matter for resentencing and that he was treated unequally from other similarly situated defendants as a result of the state courts' refusal to either vacate or withdraw his plea after that point in the criminal proceedings.  In Ground Five, petitioner alleges that his attorney in the resentencing proceeding was ineffective for failing to advocate for the vacation or withdrawal of his guilty plea.  Petitioner cites the Ohio Supreme Court's decisions in a line of cases represented by *State v. Sarkozy*, 881 N.E.2d 1224 (Ohio 2008), *State v. Boswell*, 906 N.E.2d 422 (Ohio 2009), and *State v. Bezak*, 868 N.E.2d 961 (Ohio 2007), as support for the argument that his guilty plea should have been vacated or withdrawn after it was determined that the sentence imposed six years earlier in April 2004 was void due to the trial court's failure to properly notify petitioner about post-release control.  (*See* Doc. 30, pp. 15-17).

As a threshold matter, Grounds Four and Six of the petition do not state a cognizable claim for federal habeas relief to the extent petitioner contends in those grounds that the state courts violated Ohio law by failing to either vacate his guilty plea or allow him to withdraw his plea when his sentence was vacated and the matter remanded for resentencing to correct the post-release control error.  This Court has jurisdiction to consider only claims alleging a violation of "the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).  Claims based on a "perceived error of state law" fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief.  *See id.*; *Wilson v. Corcoran,* _ U.S. _, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68

28

(1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). *Cf. Mackey v. Warden, Lebanon Corr. Inst.*, 525 F. App'x 357, 362 (6th Cir. 2013) (per curiam) (in ruling that a *de novo* resentencing hearing for the purpose of imposing post-release controls was not the "starting point from which the federal habeas statute of limitations can run," the Sixth Circuit pointed out that the question whether the court was only able to impose post-release controls on resentencing was an "issue of Ohio law," which the federal habeas court was bound by and required to apply), *cert. denied*, 134 S.Ct. 438 (2013).

Moreover, petitioner is unable to prevail on any claim in Grounds Four and Six that the state courts' refusal to vacate or withdraw petitioner's guilty plea rose to the level of a constitutional violation subject to consideration by this Court. As discussed above with respect to Grounds One and Three of the petition, to the extent that petitioner contends that the state courts' rulings amounted to a constitutional violation because the trial court's initial failure to inform him of post-release control rendered his guilty plea invalid, the claim is successive and cannot be entertained by this Court absent authorization from the Sixth Circuit.

Nor can petitioner prevail on any claim that he had an absolute right under the cited line of Ohio Supreme Court precedents to have his guilty plea vacated or withdrawn when, after his conviction had been affirmed on direct appeal, the Ohio Court of Appeals vacated petitioner's sentence and remanded the matter for resentencing to correct the error regarding post-release control. As discussed above, in *Bezak,* 868 N.E.2d at 964, the Ohio Supreme Court ruled only that a *de novo* hearing was required to correct such a sentencing error because the trial court's failure to notify the defendant of the mandatory post-release control term renders the sentence

29

"void."[9]  In *Boswell*, 906 N.E.2d at 424-25, the Ohio Supreme Court further ruled that a motion

to withdraw guilty plea made by a defendant "who has been given a void sentence" based on the

trial court's failure to inform him of a mandatory period of post-release control must be

considered as a presentence motion under Ohio R. Crim. P. 32.1.  Finally, in *Sarkozy*, 881

N.E.2d at 1228-29, the Ohio Supreme Court held that the failure to mention post-release control

at all during the plea colloquy does not meet the requirements of Ohio R. Crim. P. 11 and that in

such circumstances "the defendant may dispute the knowing, intelligent, and voluntary nature of

the plea either by filing a motion to withdraw the plea or upon direct appeal."  None of these

decisions suggest that petitioner had an absolute right to have his guilty plea vacated or

withdrawn when his sentence was vacated and the matter remanded for resentencing.

      Indeed, to the contrary, as discussed above and as the Sixth Circuit pointed out in

*Aguilar-Diaz*, 626 F.3d at 268, the line of Ohio Supreme Court precedents represented by *Bezak*,

*Boswell* and *Sarkozy* is premised on the assumption that "while the sentence may be void, the

underlying determination of guilt is not void."  In other words, the void nature of the sentence

does not "by any logic require the invalidation of the original underlying conviction."  *Cf.*

*Aguilar-Diaz*, 626 F.3d at 268-69.  Rather, as the Ohio Supreme Court made clear in *Boswell* and

*Sarkozy*, if a defendant who has entered a guilty plea was not notified of post-release control at

the plea hearing, he may file a motion to withdraw his plea or assert a claim on direct appeal

disputing the validity of his guilty plea, which ultimately may or may not be found to have merit

---

      [9] As also discussed above, in December 2010, after petitioner was resentenced, the Ohio Supreme Court
issued its decision in *Fischer*, clarifying that "only the offending portion of the sentence" pertaining to post-release
control is "void" and that "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to
proper imposition of postrelease control."  *Fischer*, 942 N.E.2d at 340-41.

by the state courts.[10]

It is well-settled that absent an absolute right under state law, a state defendant has no federal constitutional right to withdraw a guilty plea. *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *8 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (and numerous cases cited therein); *see also Cline v. Kelly,* No. 1:09cv859, 2010 WL 1006529, at *5 & n.7 (N.D. Ohio Mar. 16, 2010) (citing *United States v. Woods,* 554 F.3d 611, 613 (6th Cir. 2009); *Xie v. Edwards,* No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994)). Instead, "the decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief." *Dickey, supra,* 2010 WL 92510, at *8 (citing *United States ex rel. Scott v. Mancusi,* 429 F.2d 104, 109-10 (2nd Cir. 1970)); *cf. Cline, supra,* 2010 WL 1006529, at *5 (finding that the magistrate judge had "correctly concluded" that "whether a state court grants a motion to withdraw a guilty plea is a matter of state law not cognizable on federal habeas review").

*Dickey* is factually analogous to the case-at-hand. In that case, the petitioner filed a motion to withdraw his guilty plea over two years after he entered the plea. The *Dickey* court held that the petitioner was "unable to prevail on any claim that the trial court's denial of his May 2006 motion to withdraw his January 2004 guilty plea, of itself, amounted to a violation of the federal Constitution." *Dickey, supra*, 2010 WL 92510, at *8. In so ruling, the court relied on a Sixth Circuit decision, holding "that the district court erred in granting habeas corpus relief to a

---

[10] As previously discussed, the Court is without jurisdiction to address any underlying claim challenging the validity of petitioner's guilty plea in light of *Sarkozy*. However, it is noted that this case is factually distinguishable from *Sarkozy* because the possibility of post-release control was discussed at the plea hearing held in 2004. Specifically, petitioner was warned that he could be placed on post-release control "for up to five years," as well as of the consequences of violating post-release control conditions; petitioner affirmed that he understood that. *See Akemon v. Brunsman*, Case No. 1:06cv166 (S.D. Ohio) (Doc. 3, Ex. M, Tr. 33-34).

petitioner who claimed that the trial court's abuse of discretion in refusing to permit him to withdraw his jury trial waiver was, of itself, a violation of the Sixth Amendment." *Id.* (citing *Sinistaj v. Burt,* 66 F.3d 804, 807-08 (6th Cir. 1995)). The *Dickey* court concluded that the following reasoning, quoted from *Sinistaj,* 66 F.3d at 808 (emphasis in original), also applied to the petitioner's claim challenging the denial of his post-conviction motion to withdraw his guilty plea:

> It is possible, of course, at least in theory, that a state court's refusal to permit a defendant to withdraw a previously filed jury trial waiver could amount to an unconstitutional denial of the defendant's Sixth Amendment right to a jury trial. But we can conceive of no situation in which a federal judicial determination on *habeas* collateral review that a state court, as a matter of general law, abused its discretion in denying the withdrawal motion is *therefore* a violation of the federal Constitution.

Similarly here, the undersigned is persuaded that to the extent petitioner contends in Grounds Four and Six that the state courts' failure to vacate or withdraw his March 2004 guilty plea upon his resentencing in 2010 amounts to a constitutional violation in and of itself, the claims are not subject to review in this federal habeas proceeding.

In addition, the undersigned rejects petitioner's claim in Ground Six that he was subjected to "unequal treatment" by the state courts. In this case, petitioner waited until after his guilty plea conviction had been affirmed on direct appeal before either filing the motion for resentencing raising the post-release control issue or moving to have his plea vacated or withdrawn. As the Ohio Court of Appeals made clear in decisions issued in July 2009 and March 2012, both before and after petitioner's resentencing (*see* Doc. 24, Exs. 36, 89), as a matter of state law, the trial court was divested of jurisdiction to even entertain a request to vacate or withdraw petitioner's plea *after* petitioner filed his first direct appeal and his conviction

32

based on his guilty plea was affirmed by the Ohio Court of Appeals in that appeal.  Those rulings

by the Ohio Court of Appeals with respect to petitioner do not constitute "unequal treatment."

Indeed, it appears to be a well-established and routinely followed practice for courts in Ohio to

refuse on jurisdictional grounds to consider any request to vacate or withdraw a plea made after

the defendant's guilty plea conviction has been affirmed on appeal.  *See, e.g., State ex rel.*

*Special Prosecutors v. Judges, Court of Common Pleas*, 378 N.E.2d 162, 165 (Ohio 1978) (per

curiam) (holding that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and

determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the

appellate court"); *State v. Sanchez*, No. 4-06-31, 2007 WL 136279, at *2-3 (Ohio Ct. App. Jan.

22, 2007) (and numerous Ohio cases cited therein) (in a case where the Ohio Court of Appeals

had affirmed the judgment of conviction on appeal, but vacated the defendant's sentence and

remanded the case for resentencing to correct a sentencing error, the state appellate court held

that the trial court had no jurisdiction to consider the defendant's subsequent motion to withdraw

his plea, "much less to allow him to withdraw his guilty plea and grant a new trial"); *see also*

*Allen v. Tibbals,* No. 1:10cv2382, 2012 WL 2994283, at *3 (N.D. Ohio Mar. 6, 2012) (Report &

Recommendation) ("under Ohio law, after [the habeas petitioner's] conviction was affirmed on

direct appeal, the trial court would no longer have any jurisdiction to consider his Rule 32.1

motion to withdraw plea"), *adopted*, 2012 WL 2994265 (N.D. Ohio July 20, 2012).  *Cf. Steimle*

*v. Jackson,* No. 1:04cv813, 2005 WL 3357305, at *3 (N.D. Ohio Dec. 9, 2005) (in a case where

the petitioner's conviction was affirmed on appeal, but the matter was twice remanded for

resentencing to correct sentencing errors, the federal habeas court found no merit to the

petitioner's argument that the jurisdictional ground relied on by the Ohio courts in refusing to

33

consider the petitioner's subsequent motions to withdraw his plea was "not 'strictly or regularly followed'" ; the court stated that "[t]o the contrary, a procedural rule which divests a court of jurisdiction cannot be waived by the divested court").

Finally, plaintiff is not entitled to federal habeas relief based on his claim in Ground Five that his attorney at the resentencing hearing was ineffective for failing to advocate for the vacation or withdrawal of his guilty plea.  To establish a constitutional claim of ineffective assistance, petitioner must demonstrate both that his counsel's conduct fell below an objective standard of reasonableness and that a "reasonable probability" exists that, but for his counsel's alleged error, the result of the proceeding would have different.  *See Strickland v. Washington*, 466 U.S. 668, 689, 694-95 (1984).  In this case, given that the Ohio Court of Appeals had previously determined that the trial court lacked jurisdiction to entertain petitioner's motions to withdraw plea filed in 2005 and 2006 after his conviction had been affirmed on appeal (see Doc. 24, Ex. 36), counsel's failure to advocate for the vacation or withdrawal of the plea on resentencing in June 2010 did not constitute unreasonable conduct.  In any event, particularly given that the Ohio Court of Appeals reiterated in a subsequent decision that petitioner's post-resentencing motions to vacate and/or withdraw plea could not be entertained, petitioner is unable to establish a reasonable probability that the result of the resentencing proceeding would have been different if his counsel had advocated for the vacation or withdrawal of the guilty plea at that time.

Accordingly, in sum, the undersigned concludes that although the claims alleged in Grounds Four through Six of the petition may not be successive as argued by respondent in the motion to dismiss or transfer claims, respondent's motion (Doc. 24) should be **GRANTED** to the

34

extent that the three grounds for relief are subject to dismissal with prejudice because petitioner is unable to demonstrate he is entitled to federal habeas relief based on the merits of those claims.

### C. Ground Two Should Be Dismissed Because Petitioner Procedurally Defaulted And Has Waived The Ineffective Assistance Of Counsel Claim Alleged Therein

It appears from the record that petitioner is claiming in Ground Two of the petition that the attorney who represented him at the resentencing hearing provided ineffective assistance by failing to file a timely notice of appeal to the Ohio Court of Appeals from the trial court's July 9, 2010 resentencing entry, as petitioner had requested.  (*See* Doc. 6, p. 6; Doc. 7, "Affidavit of Verity Of . . . La'Mon Akemon Sr.").  Respondent contends in the motion to dismiss or transfer claims that petitioner procedurally defaulted and has waived the ground for relief because he never presented it to the state courts for consideration, including when he sought leave to file a delayed appeal with the Ohio Court of Appeals from the resentencing entry.  (*See* Doc. 24, Brief, pp. 21-23).  Respondent's argument has merit.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990);

*Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).  If the petitioner fails to fairly

present his constitutional claim through the requisite levels of state appellate review to the state's

highest court, or commits some other procedural default that prevents a merit-based review of

the federal claim by the state's highest court, he may have waived the claim for purposes of

federal habeas review.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-

62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th  Cir. 1985); *see also Weaver v. Foltz,* 888

F.2d 1097, 1099 (6th Cir. 1989).  If, because of a procedural default, petitioner has not had a

claim considered by the state's highest court and he can no longer present the claim to the state

courts, he has waived such claim for purposes of federal habeas corpus review unless he can

demonstrate cause for the procedural default and actual prejudice resulting from the alleged

constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage

of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477

U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S.

72, 87 (1977).

 Here, as respondent has argued, petitioner procedurally defaulted the ineffective

assistance of counsel claim alleged in Ground Two of the petition because he never presented it

to the state courts for consideration.  Indeed, although petitioner filed a motion for leave to file a

delayed appeal to the Ohio Court of Appeals on December 27, 2011, over nine months after his

initial appeal filed in February 2011 was dismissed as untimely, petitioner only argued that his

failure to perfect a timely appeal was caused by the Hamilton County Clerk's Office, which did

not provide him with a copy of the July 9, 2010 resentencing entry until February 1, 2011.  (*See*

Doc. 24, Ex. 66).  In his motion for reconsideration filed after the Ohio Court of Appeals denied

his delayed appeal motion for failure "to provide sufficient reasons for failure to perfect an appeal as of right" (*see id.*, Ex. 68), as well as in his subsequent motion to certify conflict, petitioner again relied only on the argument presented in his delayed appeal motion and made no mention of his counsel's having played any role in causing the filing delay. (*See id.*, Exs. 69, 71).

Petitioner also did not assert the ineffective assistance of counsel claim alleged in Ground Two as a potential proposition of law when he attempted to pursue a further appeal to the Ohio Supreme Court by way of a motion for delayed appeal filed after the 45-day period for perfecting an appeal as of right had expired. (*See id.*, Ex. 74). In any event, by failing to perfect a timely appeal to the state's highest court, petitioner committed another default that deprived the Ohio Supreme Court of the opportunity to consider the merits of such claim even if petitioner had asserted it as a potential claim of error both to the Ohio Court of Appeals and Ohio Supreme Court in his memoranda in support of his delayed appeal motions. *See Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir. 2004) (per curiam).

Finally, to the extent that the claim alleged in Ground Two is based on evidence outside the record, petitioner committed yet another procedural default by failing to assert it as a ground for relief in his application for post-conviction relief filed with the trial court in July 2011, when he would have been well aware of the factual basis for that claim, particularly after the dismissal in February 2011 of his initial untimely appeal from the resentencing entry. (*See* Doc. 24, Ex. 96).

At this late juncture, there does not appear to be any further avenue of relief available in the state courts for petitioner to pursue his ineffective assistance of counsel claim. Therefore, the

claim alleged in Ground Two is barred from review by this Court unless petitioner is able to demonstrate cause for and prejudice from his default of the claim in the state courts or that a fundamental miscarriage of justice will occur if the merits of the claim is not considered herein.

Petitioner has not provided any justification for his failure to raise the ineffective assistance of counsel claim alleged in Ground Two to the state courts when he had the opportunity to do so.  Moreover, he has not demonstrated that failure to consider the claim will result in a "fundamental miscarriage of justice," or in other words, that the alleged error of his counsel at the resentencing hearing "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Accordingly, in sum, the undersigned concludes that because petitioner never raised the ineffective assistance of counsel claim alleged in Ground Two in any of the numerous state court proceedings he has brought since his resentencing in 2010, he procedurally defaulted and has waived the ground for relief.  Therefore, respondent's motion requesting that the claim alleged in Ground Two of the petition be dismissed with prejudice as waived (Doc. 24) should be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Respondent's motion to dismiss or transfer claims (Doc. 24) be **GRANTED** as follows:  To the extent that the claims alleged in Grounds One and Three of the petition are successive within the meaning of 28 U.S.C. § 2244(b), they should be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain those claims.  To the extent that

Ground Two does not involve a successive claim, it should be **DISMISSED** with prejudice because petitioner procedurally defaulted and has waived the claim for relief. Finally, to the extent that the undersigned has assumed that the claims alleged in Grounds Four through Six of the petition are not successive, those claims should be **DISMISSED** with prejudice because they are clearly without merit.

2. A certificate of appealability should not issue with respect to the claims alleged in Grounds Four through Six of the petition, which have been adjudicated on the merits herein, because they do not rise to the level of a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

In addition, a certificate of appealability should not issue with respect to the non-successive claim alleged in Ground Two of the petition, which this Court has concluded is waived and thus procedurally barred from review, because under the first of the applicable two-part standard enunciated in *Slack,* 529 U.S. at 484-85, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[11]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.

---

[11]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the defaulted ground for relief. *See Slack,* 529 U.S. at 484.

Date:  July 2, 2014                          s/ J. Gregory Wehrman
                                       J. Gregory Wehrman
                                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LA'MON RUS'SELL AKEMON, JR.,   Case No. 1:13-cv-407
   Petitioner,

   vs         Barrett, J.
             Wehrman, M.J.

OHIO ADULT PAROLE AUTHORITY,
   Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

41