UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

La'Mon Rus'Sell Akemon, Jr.,

    Petitioner,

        v.

                                          Case No. 1:13cv407

Ohio Adult Parole Authority,                        Judge Michael R. Barrett

    Respondent.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's July 3, 2014 Report & Recommendation ("R&R"). (Doc. 31). The R&R recommends granting Respondent's motion to dismiss or transfer claims (Doc. 24) as follows: To the extent that the claims alleged in Grounds One and Three of the petition are successive within the meaning of 28 U.S.C. § 2244(b), they should be transferred to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain those claims. To the extent that Ground Two does not involve a successive claim, it should be dismissed with prejudice because petitioner procedurally defaulted and has waived the claim for relief. Finally, to the extent that the claims alleged in Grounds Four through Six of the petition are not successive, those claims should be dismissed with prejudice because they are clearly without merit.

Also pending before the Court are Petitioner's Motion to Appoint Counsel (Doc. 36) and Petitioner's Motion for Extension of Time (Doc. 40). However, after the filing of these motions, counsel made an appearance on behalf of Petitioner (Doc. 39) and filed

timely objections to the R&R (Doc. 42).[1] Accordingly, Petitioner's Motion to Appoint Counsel (Doc. 36) and Petitioner's Motion for Extension of Time (Doc. 40) are DENIED as MOOT.

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), and as stated above, Petitioner filed objections to the R&R. (Doc. 42).

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 6). The Magistrate Judge set forth the facts and procedural history of this case in the R&R, and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

Petitioner objects to the Magistrate Judge's conclusion that Grounds One and Three should be transferred to the Sixth Circuit for review and determination whether this Court should be granted authorization to entertain those claims. Petitioner argues his claims are not a second or successive petition because the events giving rise to his current habeas petition—the 2010 rehearing and the denial of his motion to withdraw his guilty plea—occurred after the conclusion of the earlier habeas proceeding. However, as the Magistrate Judge explained, Petitioner's claims did not originate at his resentencing, but are instead attacks on his underlying conviction and the Ohio Court of Appeals December 15, 2004 direct appeal decision. Based on the caselaw cited by the Magistrate Judge, the fact that Petitioner was resentenced in a *de novo* hearing does not mean that his prior habeas petition may not be considered for purposes of evaluating whether the claims in the instant petitioner are successive. Therefore, Petitioner's objections on this point are OVERRULED.

---

[1] It appears that Petitioner's objections were inadvertently filed twice. (See Doc. 43).

Next, Petitioner objects to the Magistrate Judge's conclusion that Grounds Four, Five and Six are without merit because Petitioner argues that both lawyers who represented him in the trial court were subsequently disciplined for ineffective and unethical conduct. At the outset, the Court notes that only Ground Five raises a claim of ineffective assistance of counsel. As the Magistrate Judge noted, this claim does not have merit because Petitioner has not established a reasonable probability that his resentencing would have different if his attorney at the resentencing hearing had advocated for the vacation or withdrawal of his guilty plea. Therefore, Petitioner's objections on this point are OVERRULED.

Finally, Petitioner objects to the Magistrate Judge's conclusion that Ground Two is procedurally defaulted and that Petitioner has not demonstrated cause for and prejudice from his default; or that a fundamental miscarriage of justice will occur if the merits of the claim is not considered. Petitioner now appears to argue ineffective assistance of post-conviction counsel as cause for his default. Petitioner cites *Martinez v. Ryan*,132 S.Ct. 1309, 1315 (2012), in which the Supreme Court held that in certain circumstances, ineffective assistance of counsel during initial-review state collateral proceedings can establish cause for a petitioner's procedural default of an ineffective assistance of trial counsel claim. Specifically, under *Martinez*, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if state law requires that the claim of ineffective assistance of trial counsel be raised first in an initial-review post-conviction proceeding and no counsel assisted the petitioner during that proceeding or counsel's assistance in that proceeding was ineffective. *Id*. at 1320.

The Court notes that Petitioner's July 11, 2011 post-conviction petition for relief pursuant to Ohio Rev. Code § 2953.21 was filed *pro se*. However, the Sixth Circuit has

concluded that *Martinez* does not apply in Ohio because Ohio permits ineffective-assistance-of-counsel claims on direct appeal. *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir.), *cert. denied*, 134 S.Ct. 693 (2013). Therefore, Petitioner's objections on this point are OVERRULED.

Based on the foregoing, it is hereby **ORDERED** that:

1. Motion to Appoint Counsel (Doc. 36) is **DENIED as MOOT**;

2. Petitioner's Motion for Extension of Time (Doc. 40) is **DENIED as MOOT**;

3. The Court hereby ADOPTS the Magistrate Judge's July 3, 2014 R&R (Doc. 31);

    a. Respondent's motion to dismiss or transfer claims (Doc. 24) is **GRANTED** as follows: To the extent that the claims alleged in Grounds One and Three of the petition are successive within the meaning of 28 U.S.C. § 2244(b), they should be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain those claims. To the extent that Ground Two does not involve a successive claim, it should be **DISMISSED with prejudice** because petitioner procedurally defaulted and has waived the claim for relief. Finally, to the extent that the undersigned has assumed that the claims alleged in Grounds Four through Six of the petition are not successive, those claims should be **DISMISSED with prejudice** because they are clearly without merit.

4. A certificate of appealability shall not issue with respect to the claims alleged in Grounds Four through Six of the petition, which have been adjudicated on the merits herein, because they do not rise to the level of a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5. In addition, a certificate of appealability shall not issue with respect to the non-successive claim alleged in Ground Two of the petition, which this Court has concluded is waived and thus procedurally barred from review, because under the first of the applicable two-part standard enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not find it debatable

whether this Court is correct in its procedural ruling.[2]

6. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal this Order would not be taken in "good faith," and, therefore, DENIES petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett
                                              United States District Judge

---

[2]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the defaulted ground for relief. *See Slack*, 529 U.S. at 484.

5